UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis D. Richardson, *a.k.a.* Curtis Dale Richardson, | ) C/A No. 4:08-3557-RBH-TER ) ) |
| Petitioner, | ) ) |
| vs. | ) ) |
| Willie Eagleton, Warden of Evans C.I., | ) **Report and Recommendation** ) |
| Respondent. | ) ) |

The Petitioner, Curtis D. Richardson (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner states that he entered a guilty plea on September 13, 2007, to the charge of "Trafficking 1st Offense." Petitioner was sentenced by the Horry County Court of General Sessions to four (4) years imprisonment. Documents attached to Petitioner's habeas action indicate that he did not file a direct appeal. However, Petitioner did file an application for post-conviction relief (Case No. 2007-CP-26-6934) on November 5, 2007, which was subsequently denied/dismissed on July 8, 2008. Petitioner also filed a state habeas action (Case No. 2008-CP-26-0016), which was dismissed on May 28, 2008. Petitioner appealed the dismissal of his state habeas action, however, the South Carolina Court of Appeals dismissed the appeal on October 8, 2008. Petitioner also appealed the dismissal of his PCR action, however, the instant habeas petition was unclear regarding whether a final decision had been entered in Petitioner's PCR case.

Special Interrogatories were sent to Petitioner on November 13, 2008, to clarify the exhaustion issue. In his Answers to the Court's Special Interrogatories, Petitioner indicates that he appealed the dismissal of the PCR action by filing a writ of *certiorari* to the South Carolina Supreme Court in July of 2008. Petitioner states that his PCR appeal remains pending at this time.

Discussion

Petitioner's habeas action under 28 U.S.C. § 2254 should be dismissed because Petitioner has not exhausted his state court remedies. With respect to his conviction and sentence, the Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the Petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971). The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ."

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts. . . . To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the Petitioner." *Id.* at 911 (citations omitted).[2] Because further review by a higher state court of Petitioner's conviction and sentence is

---

[2]

Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

currently pending, the grounds Petitioner could raise in a § 2254 petition have not been exhausted. *See In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990) ("[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies"). *See also State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002).

Petitioner's habeas petition and Answers to the Court's Special Interrogatories claim that Petitioner's current ground for habeas relief has been exhausted through his state habeas corpus action (Case No. 2008-CP-26-0016). However, "[i]n South Carolina, the scope of [state] habeas corpus relief has been greatly curtailed by the South Carolina Uniform Post-Conviction Procedure Act, which essentially displaced the relief that was previously available under the common law writ. *See* S.C. Code Ann. § 17-27-20(b)." *Wilson v. Moore*, 178 F.3d 266, 276 (4th Cir. 1999). *See also Simpson v. State*, 495 S.E.2d 429, 431 (S.C. 1998)("[A] matter which is cognizable under the Act may not be raised by a petition for a writ of habeas corpus before the circuit or other lower courts"); *Keeler v. Mauney*, 500 S.E.2d 123, 124 (S.C. Ct. App. 1998)("A person is procedurally barred from petitioning the circuit court for a writ of habeas corpus where the matter alleged is one which could have been raised in a PCR application"). Thus, Petitioner cannot satisfy § 2254's exhaustion requirement via a writ of habeas corpus filed in the state court.

Petitioner clearly indicates that his PCR appeal (Case No. 2007-CP-26-6934) is now pending in the South Carolina Supreme Court. Since the Petitioner has a viable state court remedy which has not been fully utilized, the United States District Court for the District of South Carolina should not keep this case on its docket while the Petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981)("When state court remedies have not been

4

exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition"). *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4, (4th Cir. 1993)("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts"). Therefore, Petitioner's habeas action is subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the Petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III.  
United States Magistrate Judge

December 17 , 2008.  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).