IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Curtis D. Richardson, ) | Civil Action No.: 4:08-3557-RBH-TER |
| a.k.a. Curtis Dale Richardson, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Willie Eagleton, Warden of Evans C.I., ) | |
| ) | |
|     Respondent. ) | |

      The Petitioner, Curtis D. Richardson, proceeding *pro se,* brought this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner, who is an inmate at Evans Correctional Institution, filed this action *in forma pauperis* under 28 U.S.C. § 1915. This matter comes before the court with the Report and Recommendation [Docket Entry # 14] of United States Magistrate Judge Thomas E. Rogers, III, filed on December 18, 2008.[1] After reviewing the Petition and the Petitioner's answers to the Court's Special Interrogatories [Docket Entry # 10], the Magistrate Judge recommended summary dismissal of Petitioner's petition for failure to exhaust state court remedies. Petitioner filed objections [Docket Entry # 16] to the Report and Recommendations of the Magistrate Judge on December 31, 2008.

## Standard of Review

      The Magistrate Judge only makes a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo*

---

[1] All pretrial proceedings in this case were referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e) D.S.C.

determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636 (b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

Petitioner states in his Petition that he pled guilty to "trafficking 1st offense" and was sentenced to four (4) years imprisonment. In his current habeas petition with the court, Petitioner alleges ineffective assistance of counsel due to his trial counsel's alleged failure to file an appeal of Petitioner's guilty plea which resulted in Petitioner being denied an appeal bond. However, at the time Petitioner filed his § 2254 habeas petition with the court, his state Post Conviction Relief (PCR) appeal was pending with the South Carolina Supreme Court. As such, the Magistrate Judge recommended that this case be dismissed without prejudice while Petitioner exhausts his state court remedies.

"In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to 'exhaust' all state court remedies before a federal district court can entertain his claims." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997). Section 2254 provides in part that:

2

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that--

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The petitioner bears the burden of proving exhaustion or an exception to the exhaustion requirement. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). Having reviewed the record and applicable law, the court agrees with the recommendation of the Magistrate Judge and finds that Petitioner has failed to meet the exhaustion requirement of 28 U.S.C. § 2254.

    In his objections, Petitioner contends that he has fully exhausted his state grounds for relief based on ineffective assistance of counsel because he appealed the dismissal of his state habeas corpus action, (Case No. 2008-CP-26-0016), to the South Carolina Court of Appeals where it was dismissed as well. Petitioner states in his objections that he "does not have to present these grounds to the Court of Appeals or the S.C. Supreme Court a (2nd) second time." However, as the Magistrate Judge noted, Petitioner's state habeas action was dismissed because it was improperly filed. It was improperly filed because at the time he filed the state habeas action, he also simultaneously had a PCR ineffective assistance of counsel claim, (Case No. 2007-CP-26-6934), which was pending with the PCR court. In South Carolina, "[h]abeas corpus is available only when other remedies, such as PCR, are inadequate or unavailable." Wilson v. Moore, 178 F.3d 266, 277 (4th Cir. 1999) (citing Gibson v. State, 495 S.E. 2d 426, 428 (S.C. 1998)). Moreover, "A person is

3

procedurally barred from petitioning the circuit court for a writ of habeas corpus where the matter alleged is one which could have been raised in a PCR application." Keeler v. Mauney, 500 S.E.2d 123, 124 (S.C. Ct. App. 1998). Since review by a higher state court of Petitioner's PCR appeal is currently pending, the grounds that he has raised in his § 2254 petition before the court have not been exhausted. See In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454 (S.C. 1990) ("[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."); see also State v. McKennedy, 559 S.E.2d 850 (S.C. 2002). Petitioner's PCR appeal is pending and has not been ruled on by the Court of Appeals or the Supreme Court and therefore, he still has a viable state court remedy which has not been fully utilized. Accordingly, he has not exhausted his state court remedies.[2]

For the reasons stated above and by the Magistrate Judge, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. This case is hereby **DISMISSED without prejudice** and without issuance and service of process upon the Respondent. Additionally, all pending motions are rendered **MOOT**.

**IT IS SO ORDERED**.


October 23, 2009      s/ R. Bryan Harwell
Florence, South Carolina     R. Bryan Harwell
    United States District Judge

---

[2] Additionally, Petitioner also contends in his objections that the state appellate procedure is futile because it may "take a year or longer before a decision is again rendered by the state courts." However, simply because the appellate procedure for Petitioner's PCR application may take a year or longer does not render it futile as to his claim.